UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| LEWIS E. DAVENPORT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-403-KSF |
| | ) | |
| vs. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Lewis E. Davenport, a prisoner incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky, has filed a petition seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel Respondent, the Social Security Administration, Office of Disability and Review, to issue a ruling in his administrative proceedings before that tribunal. [R. 2] The Court has granted his motion to proceed *in forma pauperis* [R. 4] by separate Order [R. 5]

The Court must conduct a preliminary review of any civil action filed by a prisoner seeking relief from a governmental entity or officer. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b).

As a threshold matter, petitioner has filed a separate Motion to Dismiss [R. 6] in which he

requests a full or partial waiver of the filing fee in light of his indigency and because the matter "has been resolved to the satisfaction of the petitioner." Petitioner therefore requests voluntary dismissal of his petition in this matter, but this request appears to be conditioned upon the Court's full or partial waiver of the filing fee. A plaintiff becomes liable for the entire amount of the filing fee upon filing of the complaint or petition, and under the PLRA the Court lacks discretion to reduce or waive the amount of the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed.") The Court may therefore not reduce or waive the filing fee as Davenport requests. Because Davenport's motion to voluntarily dismiss the petition is conditioned upon the Court's ability and willingness to do so, the Court will review his petition on the merits.

Congress has expressly authorized federal courts to issue common law writs of mandamus under appropriate circumstances:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus relief is only available when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. In other words, the plaintiff must show that the defendant owes him a clear, nondiscretionary duty and that he has exhausted all other avenues to obtain relief. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Michigan Ass'n of Homes and Services for the Aging, Inc. v. Shalala*, 127 F.3d 496, 503 (6th Cir. 1997).

There is no question that, following remand from the Appeals Council, Davenport is entitled to a redetermination of his application for benefits under the procedures described in 42 U.S.C. § 405(b). However, until that determination is made, and Davenport exhausts his administrative remedies within the Social Security Administration, there is no "final decision" by the Commissioner

Case: 5:09-cv-00403-KSF   Doc #: 7   Filed: 03/11/10   Page: 3 of 3 - Page ID#: 23

which would permit judicial review under Section 405(g).  *See Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

With respect to mandamus jurisdiction, the administrative procedures require a redetermination, but fix no time frame for rendering a new decision.  As the Supreme Court noted in vacating a district court's mandatory injunction compelling prompt decisions by the Social Security Administration, "the legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process." *Heckler v. Day*, 467 U.S. 104, 110 (1984).  Because neither the applicable statutes nor the implementing regulations create a mandatory, nondiscretionary duty to render a decision within any particular time frame, there is no basis for mandamus relief.  *See Wakefield v. Barnhart*, 147 F. App'x 282, 283-84 (3d Cir. 2005) (affirming denial of petition for mandamus seeking to compel Commissioner to issue decision on application for SSI benefits); *Coleman v. Barnhart*, 2003 WL 22722816, at *4 (N.D. Cal. November 12, 2003) (court lacked mandamus jurisdiction to compel a final decision from the Commissioner as to petitioner's application for disability insurance benefits; claimant had an adequate remedy inasmuch as remand of case was pending before administrative law judge).

Accordingly, **IT IS ORDERED** that:

1. Davenport's Petition for a Writ of Mandamus [R. 2] is **DENIED**.

2. Davenport's Motion to Dismiss [R. 6] is **DENIED**.

3. The Court will enter an appropriate judgment, and this matter shall be **CLOSED**.

This the 11th day of March, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**